### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

Brian Bluestein

    v.                                    Civil No. 13-cv-247-PB

Shaun Donovan, Secretary,
United States Department of
Housing and Urban Development,
and Eric Shinseki, Secretary,
United States Department of
Veterans Affairs[1]


### REPORT AND RECOMMENDATION

    Brian Bluestein has filed a complaint (doc. no. 1)
asserting claims against officials and employees of the United
States Department of Housing and Urban Development ("HUD") and
the United States Department of Veterans Affairs ("VA").  As
Bluestein is proceeding pro se and in forma pauperis, the
complaint is before the court for preliminary review to
determine, among other things, whether the complaint states any
claim upon which relief might be granted.  See 28 U.S.C. §
1915(e)(2); LR 4.3(d)(1)(B).

---

[1]In the narrative of his complaint, Bluestein names a number
of other defendants to this action: United States Department of
Veterans Affairs ("VA") social worker Tracey Noonan; VA Medical
Center regional director Marc Levenson; Tammy Krueger,
Levenson's assistant; United States Department of Housing and
Urban Development regional director Marilyn O'Sullivan; Erica
Madus; Roseanne Schuponi; Gretchen Witt; and Bruce Bissett.  The
court infers that Bluestein also intended to name the United
States as a defendant to certain of his claims.

**Standard for Preliminary Review**

Pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1)(B), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the

plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Brian Bluestein, a disabled veteran, received housing benefits in the form of rental assistance, through the Housing and Urban Development-Veterans Affairs Supportive Housing ("HUD-VASH") program, a joint program of HUD and the VA, until December 2012 when, he alleges, his benefits were improperly terminated.  Bluestein asserts that the termination of his benefits was prompted by VA social worker Tracy Noonan's deliberate misrepresentations to the Nashua Public Housing Authority ("Nashua PHA"), the agency that administered HUD-VASH benefits to Bluestein, about a bill that Bluestein had allegedly failed to pay.  As a result of those misrepresentations, Bluestein claims, the Nashua PHA, in December 2012, terminated his HUD-VASH housing benefits.  Bluestein claims that his housing benefits were terminated without his being provided with any documentation of his debt, or any pre-termination process. Bluestein alleges that to have his benefits reinstated, he would have had to sign a document stating that he had defrauded the government.  Bluestein refused to sign such a document.

Bluestein further alleges that Marc Levenson, regional director of the VA Medical Center; Tammy Krueger, Levenson's

assistant; and Marilyn O'Sullivan, regional HUD director, failed to properly supervise Noonan.  Bluestein claims that that failure is responsible for the wrongful termination of Bluestein's benefits.

**Claims**

The court liberally construes Bluestein's complaint to assert the following claims:

1. Defendants are liable to Bluestein under Bivens v. Six Unknown Agents of Fed. Narcotics Bureau, 403 U.S. 388 (1971), for wrongfully terminating Bluestein's HUD-VASH benefits, in violation of Bluestein's Fifth Amendment rights.

2. The United States is liable to Bluestein, under the Federal Tort Claims Act ("FTCA"),[2] because Noonan deliberately made misrepresentations that resulted in the termination of Bluestein's housing benefits.

3. The United States is liable to Bluestein, under the FTCA, because defendants O'Sullivan, Levenson, and Krueger failed to adequately supervise Noonan.

In addition to these claims, Bluestein asserts other theories of liability for which no facts are alleged, including: "conspired

---

[2]Bluestein purports to bring claims under the "False Tort Claims Act."  No such law exists, and the court presumes he intended to assert his claims under the Federal Tort Claims Act.

acts of trespass;" the Americans with Disabilities Act; the Consumer Protection Act; and laws that would protect Bluestein from being used in human trafficking.

## Discussion

In this action, Bluestein seeks judicial review of the decision to terminate his benefits.  Congress has established a multi-tiered system of administrative and judicial review of veterans benefits claims, pursuant to the Veterans Judicial Review Act ("VJRA"), 38 U.S.C. § 511(a), which provides that:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

Id. (emphasis added).  Thus, in enacting the VJRA, Congress divested all courts of jurisdiction to review individual benefit claims determinations, except as specified in the VJRA.[3]  See King v. U.S. Dep't of Veterans Affairs, 728 F.3d 410, 414 (5th

---

[3]The VJRA specifies that determinations made by regional VA offices may only be appealed to the Board of Veterans' Appeals, whose decisions are reviewable only by the Court of Appeals of Veterans' Claims, an Article I court established by the VJRA. See 38 U.S.C. §§ 7104, 7251, 7252(a).  Decisions of that court are in turn appealable only to the United States Court of Appeals for the Federal Circuit.  Id. §§ 7292(a) & (c).  The judgment of the Federal Circuit Court of Appeals may be appealed by writ of certiorari to the Supreme Court.  Id. § 7292(c).

Cir. 2013) (district court lacks jurisdiction over claims concerning veterans benefit determinations if they amount to an appeal of the VA's benefits decision). While "the HUD-VASH program is generally administered [by HUD] . . . "participation in the program is regulated by the VA national office." Smart v. U.S. Dep't of Veteran Affairs, 759 F. Supp. 2d 867, 872 (W.D. Tex. 2010) (emphasis in original). "As such, the denial of HUD-VASH benefits is within the purview of the Secretary of Veterans Affairs" under to 38 U.S.C. § 511(a). Id. Accordingly, this court lacks jurisdiction to adjudicate Bluestein's claims challenging the denial of benefits, including his Bivens claim and FTCA claim. See Mehrkens v. Blank, 556 F.3d 865, 870 (8th Cir. 2009) (no Bivens claim cognizable in suit filed by veteran against VA officials for alleged constitutional violations committed while handling benefits claims); see also Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996) (district court lacked jurisdiction over claims alleging that VA officials engaged in tortious conduct in denying benefits, as those claims were, "in substance, nothing more than a challenge to the underlying benefits decision").[4]

---

[4]To the extent that the FTCA claims are not dependent on this court's review of issues within the exclusive jurisdiction of the Secretary or the courts, as specified in the VJRA, the claims must be dismissed for two reasons. First, plaintiff has failed to show that he satisfied the administrative claims requirements set forth in the FTCA. See Roman v. Townsend, 224

The court notes that Bluestein previously brought suit in this court challenging a different denial of HUD-VASH benefits than that with which this action is concerned.  See Bluestein v. Levenson, No. 12-cv-021-JL (D.N.H.).  In the order dismissing Bluestein's previous case, the court stated that "'[t]he courts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction' to make decisions as to a veteran's benefits under § 511(a)."  Bluestein v. Levenson, No. 12-cv-021-JL, 2012 WL 4472015, at *3 (D.N.H. Sept. 26, 2012) (quoting Price v. United States, 228 F.3d 420, 422 (D.C. Cir. 2000)).  By the same token, this court lacks jurisdiction over all of Bluestein's claims here, and the action should be dismissed without prejudice to Bluestein pursuing his claims before the Board of Veterans Appeals pursuant to 38 U.S.C. § 511(a).

---

F.3d 24, 27 (1st Cir. 2000).  Second, the FTCA provides only a limited waiver of the United States' sovereign immunity, see id. at 27 and tort claims based on a federal employee's misrepresentation or deceit are excluded from that waiver.  See 28 U.S.C. § 2680(h); see also Muniz-Rivera v. United States, 326 F.3d 8, 13 (1st Cir. 2003) ("in enacting section 2680(h), Congress 'clearly meant to exclude claims arising out of negligent, as well as deliberate, misrepresentation'") (quoting United States v. Neustadt, 366 U.S. 696, 702 (1961)).

**Conclusion**

For the foregoing reasons, the court recommends that Bluestein's complaint be dismissed without prejudice, in its entirety. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

November 12, 2013

cc:  Brian Bluestein, pro se

LM:jba